UNITED STATES of America

v.

John E. RUTH, Appellant.

No. 71–1345.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 18, 1972.

Rehearing Denied April 6, 1972.

Mr. Thomas W. Mack, Washington, D. C. (appointed by this Court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, and John A. Terry, Roger E. Zuckerman and John E. Drury, III, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN, LEVENTHAL and MacKINNON, Circuit Judges.

PER CURIAM:

This is on an appeal from a judgment of prison sentence on a conviction for robbery and assault with a dangerous weapon. The question arises from the recantation of the identification witness, the victim, Grady Thomas. On direct he testified that as he was walking down the street near his home, he turned and spotted three men approaching from the rear, one about his height (whom he identified as defendant), a taller man and a shorter man. They attacked him. The man of his height, wearing an orange shirt, grabbed his arm, turned him around and pulled his hand out of his pocket. Thomas shouted for the police, and when they came, in 20 seconds, a $20 bill was gone from his pocket. He was emphatic at trial as to the identification of defendant—"no doubt" and "100 percent certain." On cross-examination, Mr. Thomas said he did not know defendant, but "I know about him because I know his brother . . . Babe Ruth."

The other Government witness was Officer Campbell, who found Thomas on the scene, rising to his feet, saying he had just been robbed by three men who were running up the block, and described one as tall, wearing an orange shirt. Officer Campbell's partner drove up the block to a point where a group of men were leaning against a fence. One was defendant, wearing an orange shirt, with a knife in his pocket—which the prosecutor suggested was the hard object the victim testified one of them put against his back. Officer Campbell testified that Thomas was asked if he could

identify any of them. From a distance of a few feet, while in the police car, Thomas picked out defendant.

Grady Thomas was the first witness called for the defense, testifying he was not positive of his identification, that defendant's height and face did not look the same. He denied making an identification at the time of the arrest. On cross-examination Thomas testified that after he had testified for the Government he met defendant's brother and mother in the waiting room. He had known "Babe" Ruth since 1961 but they were not friends, for he was "not my type of people . . . not the good type." He denied being scared of the brother. He further acknowledged that a month after the robbery he had given testimony to the grand jury saying he had made an on-the-scene identification of the man in the orange shirt. He said the police told him they saw defendant running, and therefore he believed defendant had to be the same person.

The defendant testified he had observed the robbery, committed by others, and didn't wear orange. Officer Campbell was called to give rebuttal testimony that Thomas did make an on-the-scene identification of defendant.

█ Appellate counsel begins by attacking the testimony by Officer Campbell on direct, at which time Thomas had not recanted, on the ground that it was in effect evidence of the prior consistent testimony of prosecution witness Thomas, to bolster his testimony, and was inadmissible since he had not then made an inconsistent statement. There was no trial objection, and little prejudice in any event, since the testimony of Thomas's prior statement certainly could have been brought out following his recantation. More important, this was not a mere statement consistent with some subject of narrative testimony but a pre-trial identification of an offender, and the prosecution was free to offer

police testimony of an identification of defendant, at a time and place close to the offense of a witness who was tendered for cross-examination. Clemons v. United States, 133 U.S.App.D.C. 27, 39, 408 F.2d 1230, 1242 (1968), cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969); Russell v. United States, 133 U.S.App.D.C. 77, 408 F.2d 1280, cert. denied, 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969).

█ Appellant further contends that, irrespective of the propriety of the admission of Officer Campbell's testimony concerning the on-the-scene identification during his direct examination, it was error to admit the same testimony in rebuttal (after the witness had recanted his in-court identification and denied making an on-the-scene identification) without a limiting instruction to the effect that it could be used only to impeach the witness's credibility. Without deciding whether the failure to give such a limiting instruction was error, we conclude that it was not prejudicial to appellant, by reason of the fact that the officer's direct testimony of the pre-trial identification was properly before the jury without a limiting instruction.

The grand jury testimony may be analytically different from current testimony in the courtroom describing an event of identification. But we need not consider whether the time has come either in general, or in this situation, for an overhaul of the rule limiting the use of prior statements by a witness subject to cross-examination to the effect on his credibility.[1] In this case, when Mr. Thomas was confronted with his inconsistent grand jury statement the trial judge instructed the jury that this was to be considered as bearing on the credibility of the witness, and the credence to be given his present testimony, but not as establishing any fact contained therein (Tr. 82). The same limitation was

---

1. See United States v. De Sisto, 329 F.2d 929, 933 (2nd Cir. 1964). Judge Friendly considered the exception as to identification to extend to receipt of statements at a prior trial or to the grand jury concerning an earlier identification.

set forth again in the judge's charge, Tr. 144. Appellant's counsel has no complaint as to this, but complains that in the mistaken identity instruction, after charging that the jury must be satisfied beyond a reasonable doubt of the accuracy of the identification of defendant, the judge continued: "In connection with that identification, you should consider not only the testimony of Grady Thomas, but you should consider the other elements, the testimony of the police officer, the Grand Jury testimony and so on." (Tr. 152).

■ Our evaluation is that this instruction, in context, was not a departure from the twice-told instruction to the jury to consider Mr. Thomas's statements to the grand jury as bearing on his credibility. Even on this basis, the statements to the grand jury would have to be considered in assessing the credibility of his trial testimony as to identification (both approaches). Nothing more was said in the instruction that is now assailed but was not made the subject of objection at trial.

Affirmed.